UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUAN SOTO,<br><br>        Plaintiff,<br><br>v.<br><br>CS UNITEC, INC., et al.,<br><br>        Defendants. | Case No. 24-cv-06624-NW (VKD)<br><br>**ORDER DENYING WITHOUT PREJUDICE APPLICATION FOR ISSUANCE OF LETTERS ROGATORY**<br><br>Re: Dkt. No. 38 |

Plaintiff Juan Soto applies to the Court for an order issuing a "letter rogatory" or "letter of request"[1] for assistance in obtaining documents and deposition testimony from an individual, Eddy Suckling, who is a resident of New Zealand. Dkt. No. 38; Dkt. No. 38-1. The Court received no opposition to Mr. Soto's application, and the deadline for filing an opposition has passed. *See* Civil L.R. 7-3(a). The Court finds this matter suitable for resolution without oral argument. *See* Civil L.R. 7-1(b).

As New Zealand is not a signatory to the Hague Evidence Convention,[2] Mr. Soto invokes this Court's "inherent authority" to issues letters of request as well as its authority under Rule 28(b), which governs the taking of depositions in a foreign country. Dkt. No. 38 at 3-4. Federal courts have inherent authority to issue letters of request to obtain evidence located abroad. *United*

---

[1] For convenience, this order uses the term "letter of request."

[2] Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, T.I.A.S. No. 7444 (Oct. 7, 1972); *see* https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (status of signatories, last visited November 21, 2025).

*States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958); *accord United States v. Reagan*, 453 F.2d 165, 172 (6th Cir. 1971); *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1273 (11th Cir. 2015); *see also* 28 U.S.C. § 1781(b)(2) (provision authorizing State Department to receive and transmit letters rogatory "does not preclude . . . the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal . . ."). The exercise of that authority is guided by general principles of discovery, including considerations of relevance and proportionality. *See, e.g., Asis Internet Servs. v. Optin Glob., Inc.,* No. 05-cv-05124 JCS, 2007 WL 1880369, at *3 (N.D. Cal. June 29, 2007); Fed. R. Civ. P. 26(b), (c). However, in addition to those general principles, federal courts "should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position," and "must supervise pretrial proceedings particularly closely to prevent discovery abuses." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987).

Although Mr. Soto's application is not opposed, the Court denies the application without prejudice. The application and the proposed letter seeking discovery contain several deficiencies and/or errors, discussed below, that must be addressed before the Court can properly consider an application for issuance of a letter of request to a New Zealand tribunal.

1. *Identity of deponent*. On its face, the application seeks issuance of a letter of request for the deposition of Eddy Suckling. Mr. Soto explains that Mr. Suckling is the "general manager"[3] of defendant Portamix who resides in New Zealand. Dkt. No. 38 at 5. However, the letter of request also refers to a notice for deposition of "Rule 30(b)(6) witnesses". Dkt. No. 38-1 at 9.

2. *Document requests*. While a letter of request may seek documents located abroad in addition to testimony, *see Largan Precision Co. v. Motorola Mobility LLC,* No. 21-cv-09138-JSW

---

[3] The Court assumes that Mr. Suckling is not an "officer, director, or managing agent of" of defendant Portamix, and that Mr. Soto seeks issuance of a letter of request because he cannot obtain Mr. Suckling's deposition by means of a deposition notice under Rule 30(b)(1). *See Rijhwani v. Wells Fargo Home Mortg., Inc.*, No. 13-cv-05881 LB, 2015 WL 848554, at *3 (N.D. Cal. Jan. 28, 2015).

(DMR), 2024 WL 4200562, at *2 (N.D. Cal. Sept. 16, 2024), Mr. Soto's proposed document requests appear to be directed to documents in defendant Portamix's possession, custody, or control. *See* Dkt. No. 38 at 5 (referring to documents requested from defendant Portamix), at 6 (referring to documents Portamix identified in its initial disclosures). It is not clear why Mr. Soto seeks these documents from an individual in defendant's employ, rather than from Portamix itself.

      3. *Scope of discovery*. Mr. Soto describes the discovery he seeks from Mr. Suckling as "specific to the causes of action asserted in his Complaint and the allegations against Portamix." Dkt. No. 38 at 5. However, Mr. Soto's proposed letter of request includes 38 document requests, all of which are broadly framed as seeking "any and all" documents concerning every aspect of the design, development, maintenance, operation, sale, rental, promotion, marketing, and distribution of the Mega Hippo Mixer, its parts, and accessories, as well as all documents concerning Portamix's contacts with California. The requests are not limited to the incident involving Mr. Soto or the particular mixer he used, or to any specific information pertaining to Portamix's challenge to personal jurisdiction. Mr. Soto's application does not adequately address how the very broad scope of discovery he seeks comports with the relevance and proportionality requirements of Rule 26(b)(1). *See HDMI Licensing Adm'r, Inc. v. Availink, Inc.,* No. 22-cv-06947-EKL (PHK), 2025 WL 799036, at *2 (N.D. Cal. Mar. 13, 2025); *see id*. at *9 (denying request for documents on proportionality grounds).

      4. *New Zealand law regarding taking testimony and producing documents*. Apart from alerting the Court that New Zealand is not a signatory to the Hague Evidence Convention, the application is silent regarding whether the proposed letter of request comports with any requirements under New Zealand for providing testimony or obtaining documents. In these circumstances, the Court expects an applicant to affirmatively address such matters, particularly where the Department of State website provides some information suggesting Mr. Soto's proposed letter of request for deposition testimony may conflict with what New Zealand domestic law permits. *See* [https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/NewZealand0.html](https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/NewZealand0.html) (Taking Voluntary Depositions of Willing Witnesses). The application also does not address whether the manner of taking Mr. Suckling's deposition, as

3

described in proposed letter of request (Dkt. No. 38-1 at 13), complies with Rule 28(b)(1).

5. *Other discrepancies*.  The proposed letter of request includes several errors and discrepancies, including:  (a) inconsistent references to the specific New Zealand tribunal to which the letter is directed; (b) unsupported and inaccurate assertions about the "purpose of evidence sought"; (c) instructions for preparing a privilege log that exceed or differ from the requirements of Rule 26(b)(5); (d) inconsistent instructions about the location and manner of production of responsive documents; (e) instructions for the taking of testimony that suggest plaintiff's counsel intends to take a 7-hour videotaped deposition and will arrange for court reporting services in New Zealand; and (f) improper references to state rules of evidence and other state laws.

Accordingly, the Court denies the application without prejudice to Mr. Soto filing a new application that addresses the deficiencies and errors identified in this order.  The hearing set for December 2, 2025 is vacated.

**IT IS SO ORDERED.**

Dated: November 21, 2025

Virginia K. DeMarchi
United States Magistrate Judge