United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JUAN SOTO,

          Plaintiff,

    v.

CS UNITEC, INC., et al.,

          Defendants.

Case No. 24-cv-06624-NW (VKD)

**ORDER RE JANUARY 23, 2026 DISCOVERY DISPUTE RE DEPOSITIONS OF PORTAMIX AND MILES SUCKLING**

Re: Dkt. No. 51

On January 23, 2026, plaintiff Juan Soto unilaterally filed a discovery dispute letter asking the Court to compel Portamix to produce a representative to testify regarding the topics in a Rule 30(b)(6) notice, and to produce Portamix's employee, Miles Suckling, to testify as an individual. Dkt. No. 51. According to Mr. Soto, Portamix failed to cooperate in the timely preparation and submission of a joint discovery dispute letter, as required by the Court's Standing Order for Civil Cases. *Id.* at 1, 4. The Court ordered Portamix to file a response to Mr. Soto's letter, and it did so, on January 27, 2026. Dkt. No. 54. The Court finds this dispute suitable for resolution without oral argument. *See* Civil L.R. 7-1(b).

## I.    BACKGROUND

On July 11, 2024, Mr. Soto filed this personal injury action in state court against Portamix and several other defendants. Dkt. No. 1-1. Defendant CS Unitec, Inc. removed the action to this Court on September 20, 2024. Dkt. No. 1. On December 3, 2024, Portamix answered the complaint. Dkt. No. 11. In its answer, Portamix asserted "lack of personal jurisdiction" as a defense, stating:

The Court lacks personal jurisdiction over Portamix. Portamix was

> not served with process within California, Portamix is not domiciled in California, Portamix does not consent to jurisdiction in California, and Portamix does not have sufficient "minimum contacts" with California that would otherwise support personal jurisdiction.

*Id.* at 5.

On May 12, 2025, the presiding judge entered a scheduling order setting a deadline of November 28, 2025 for the close of fact discovery. Dkt. No. 30. At Mr. Soto's request, the schedule was amended, extending the close of fact discovery to February 11, 2026.[1] Dkt. No. 32.

Mr. Soto says that he timely noticed the depositions of Miles Suckling and Portamix for January 8 and 15, 2026, respectively, and repeatedly offered to reschedule the depositions for alternate dates. Dkt. No. 51 at 1. He asserts that Portamix failed to provide any alternate dates for either deposition and that neither Mr. Suckling nor Portamix appeared for deposition on the noticed dates. *Id.* at 1-2. Mr. Soto seeks an order compelling Portamix to produce Miles Suckling for deposition and to produce a designee for a Rule 30(b)(6) deposition of Portamix before the fact discovery deadline. *Id.* at 4.

Portamix's principal objection concerns the timing and scope of the noticed depositions. Portamix argues that Mr. Soto should only be permitted to take "jurisdictional discovery" at this time and should not be permitted to take "merits-based discovery," unless and until Portamix's not-yet-filed motion to dismiss for lack of personal jurisdiction is denied. Dkt. No. 54 at 1, 2. In addition, Portamix questions the propriety of Mr. Soto's deposition notices, given that Portamix is a New Zealand company and Mr. Suckling is a New Zealand resident. *Id.* at 4.

## II.   DISCUSSION

The Court denies Mr. Soto's request for an order compelling the Rule 30(b)(6) deposition of Portamix and the individual deposition of Miles Suckling, without prejudice. Mr. Soto's discovery dispute letter does not address the Court's authority to compel the deposition of a witness who resides in a foreign country. As Portamix correctly observes, the Court raised

---

[1] On January 22, 2026, Mr. Soto filed an unopposed administrative motion to amend the scheduling order and to extend the fact discovery deadline by eight months. Dkt. No. 50. The presiding judge denied the motion, without prejudice. Dkt. No. 57.

United States District Court
Northern District of California

concerns about this issue in a prior order denying without prejudice Mr. Soto's application for issuance of letters rogatory. *See* Dkt. No. 40. Mr. Soto must address the Court's authority to compel these depositions if he seeks a court order to that effect. *See* Fed. R. Civ. P. 28(b).

The Court observes, however, that Portamix's objection to the timing and scope of discovery—i.e., that only jurisdictional discovery, not merits-based discovery, should be conducted at this time—is misplaced. Nothing in the operative scheduling order limits fact discovery to "jurisdictional discovery," and Portamix has not been relieved of its obligation to participate in discovery. To the contrary, the presiding judge ordered that *all* fact discovery must be completed by February 11, 2026. *See* Dkt. No. 32. Portamix may not resist discovery on the ground it objected to personal jurisdiction in an answer filed more than a year ago and *may* file a motion to dismiss at some point in the future. *See, e.g., InfoSpan, Inc. v. Emirates NBD Bank PJSC*, 903 F.3d 896, 901 (9th Cir. 2018) (discussing consequences of defendant's failure to request a ruling on the issue of personal jurisdiction).

Accordingly, the Court denies Mr. Soto's request for an order compelling the Rule 30(b)(6) deposition of Portamix and the individual deposition of Miles Suckling, without prejudice. If the parties do not resolve their dispute, they must submit a *joint* discovery dispute letter that complies with the Court's Standing Order for Civil Cases.

**IT IS SO ORDERED.**

Dated: February 6, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California

3